UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOFI JOHNSON,

        Plaintiff,

v.                                            Case number 09-14717
                                            Honorable Julian Abele Cook, Jr.

BNC MORTGAGE CORPORATION, LASALLE
BANK NATIONAL ASSOCIATION, OPTION ONE
MORTGAGE CORPORATION, TROTT & TROTT,
P.C., AND WAYNE COUNTY,

        Defendants.

<u>ORDER</u>

This case arises out of a lawsuit that was filed on December 3, 2009 by the *pro se* Plaintiff,

Kofi Johnson, who seeks to obtain damages against the Defendants, BNC Mortgage Corporation

("BNC Mortgage"), LaSalle Bank National Association ("LaSalle Bank"), Option One Mortgage

Corporation ("Option One"), Trott & Trott, P.C.("Trott & Trott"), and the County of Wayne,

Michigan government for, *inter alia*, their alleged acts of fraud, unjust enrichment, breach of

contract, slander of title, and violations of the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. § 1692 et seq., the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the Real

Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.

One of the Defendants, Option One[1] has moved (1) to dismiss Johnson's breach of contract

claim under Fed. R. Civ. P. 12(b)(6), and (2) for the entry of a summary judgment on his RESPA

---

[1]According to the Defendant, Option One is now known as the Sand Canyon
Corporation.

1

claim under Fed. R. Civ. P. 56(c). These motions are now before the Court for its resolution.

I.

The dispute in this case revolves around a mortgage that was obtained by Johnson to cover his purchase of a parcel of realty in Detroit, Michigan. In his complaint, Johnson claims to have been improperly rushed through the closing process on March 10, 2003 by the Defendants and notes that he does not have any memory of having signed any mortgage or note in conjunction with his acquisition of the property. Nevertheless, Johnson does not dispute the Defendants' claim that he received the closing documents, which had been allegedly signed by him, approximately two weeks after the completion of the closing.

According to Option One, the servicing rights on Johnson's loan were transferred to American Home Mortgage Servicing, Inc. ("American Home") on July 1, 2008.[2] Option One further avers that, upon information and belief, BNC Mortgage subsequently assigned his mortgage to LaSalle Bank.

Option One submits that Johnson ultimately defaulted on the mortgage note which, in turn, caused LaSalle Bank to initiate foreclose proceedings against him. A foreclosure sale by advertisement occurred on July 30, 2008. According to Johnson, he learned that a sheriff's deed and other related documents had been filed against the property on August 12, 2008. He claims that

---

[2]Option One attempts to substantiate this claim with a declaration from one of its paralegal staff members, Amy D. Labeta, who avers that a notice was mailed to Johnson prior to July 1, 2008. According to her declaration, Johnson was allegedly notified of the transfer of servicing agents, along with contact information for American. It should be noted that the notice, which Labeta had attached to her declaration, is undated.

on September 2, 2008, he sent a Qualified Written Request[3] to Option One in an effort to obtain a clarification of the reasons why it had withheld certain disclosures from him. When he did not receive a response, Johnson sent a second letter to Option One on September 24, 2008. On the same day, he also transmitted a separate "Notice of Dispute" to one of the Defendants, Trott & Trott, which was followed by a subsequent "Notice" to this law firm on October 13, 2008. Although Johnson acknowledges having received a response from Trott & Trott, he denies having been provided with the requested information.

Option One maintains that the redemption period for Johnson to reclaim his property expired on January 30, 2009 (approximately sixty days before Johnson filed this lawsuit), and that he failed to redeem it in a timely manner. Eviction proceedings were filed against Johnson on March 20, 2009, with a court authorized eviction being accomplished on May 26, 2009.

II.

In its motion, Option One contends that Johnson has failed to establish the existence of any

---

[3]12 U.S.C.A. § 2605(e)(1)(B)defines a "Qualified Written Request" in the following manner:

> . . . For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that–
>
> > (I) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
> >
> > (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

facts that would serve as a foundation for a breach of contract claim. Generally, when considering a motion to dismiss, the Court must construe the complaint in a light that is most favorable to the plaintiff, accept his factual allegations as being true, and draw all reasonable factual inferences therefrom in the plaintiff's favor. *Tipton v. Corr. Med. Services, Inc.*, No. 08-421, 2009 WL 2135226 (W.D. Mich. July 15, 2009). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Claims are capable of surviving a Rule 12(b)(6) motion only if the "[f]actual allegations [are] enough to raise a right to relief above the speculative level . . . on the assumption that all [of] the allegations in the complaint are true . . . ." *Twombly*, 550 U.S. at 555. As emphasized by *Iqbal*, a complaint must contain sufficient factual matter that, when accepted as accurate, states a claim that is "plausible" on its face:

> [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief. *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)) (internal citations omitted).

*Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)) (internal citations omitted).

In order to advance a claim for breach of contract under Michigan law, a plaintiff must proffer factual allegations that establish the existence of (1) those parties who are competent to contract; (2) a proper subject matter; (3) a legally sufficient consideration; (4) a mutuality of agreement; and (5) a mutuality of obligation. *Mallory v. Detroit*, 181 Mich. App. 121, 127 (1989).

Once a valid contract has been proven, a plaintiff who seeks to damages under this theory (i.e., breach of contract) must show that (1) the terms of the contract require the performance of certain action; (2) a party breached the contract; and (3) the violation caused the other party to sustain an injury. *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir.1999).

Here, Option One is correct in its view that, as to Johnson's breach of contract count, his complaint fails to state a claim upon which relief can be granted. The only place in the complaint where Johnson refers to the existence of his contractual relationship with Option One appears in paragraph 35, wherein he notes that "Defendant Option One breached its contract by neglecting to send a Notice with Intent to Accelerate or a Notice of Default to Plaintiff." *Complaint* at *¶ 35.* It is obvious from a plain reading of this complaint that Johnson has not proffered any facts from which the Court could reasonably determine (1) the existence of a valid contract, (2) the terms of such a contract, (3) the nature of Option One's obligations under the contract, (4) the circumstances which gave rise to the breach, and (5) the specific ways in which Johnson was allegedly harmed. In that sense, Johnson's complaint is deficient in that it neglects to even set forth a "threadbare recitals of the elements of a cause of action" for a breach of contract claim. In his response to the pending motion to dismiss, Johnson also fails to specifically address any of Option One's opposition arguments. Thus, even if the Court construed the complaint liberally in Johnson's favor as a *pro se* litigant, it is evident that he has simply failed to set forth a sufficiency of facts which would set forth a plausible claim. Therefore, Option One's motion to dismiss must be granted as to this Count.

### III.

Option One further contends that it is entitled to a summary judgment on the RESPA claim

because it was not the servicer of Johnson's loan when his Qualified Written Request was mailed. In 1986, the Supreme Court opined that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Under Federal Rule of Civil Procedure 56(c), a motion for a summary judgment should be granted if a party "show[s] that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Here, the burden is on the movant to demonstrate the absence of a genuine issue of a material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In assessing a summary judgment motion, the Court must examine any pleadings, depositions, answers to interrogatories, admissions, and affidavits in a light that is most favorable to the nonmoving party. Fed. R. Civ. P. 56(c); *Boyd v. Ford Motor Co.,* 948 F.2d 283, 285 (6th Cir. 1991); *Bender v. Southland Corp*., 749 F.2d 1205, 1210-11 (6th Cir. 1984). It is the responsibility of the Court to determine "whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Hence, a summary judgment must be entered only if (1) the evidence clearly suggests that the contested matter is "so one-sided that [the proponent] must prevail as a matter of law," *id.* at 252, or (2) the opponent fails to present evidence which is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. Furthermore, the presentation of a mere scintilla of supporting evidence is insufficient. *See Anderson*, 477 U.S. at 252, *quoted in*

*Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). Indeed, "[i]f the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

As to Option One's claims that it had no obligation to respond to Johnson's inquiries, a brief review of RESPA procedures at this point is appropriate. Within twenty days of receiving a Qualified Written Request from a borrower, RESPA requires any servicer of a federally related mortgage loan to issue a written acknowledgment of the correspondence. 12 U.S.C. § 2605(e)(1)(A). Within a period of sixty days of receiving the request, the servicer must – after conducting an investigation – correct the account, issue a written explanation as to why the servicer believes the account is accurate, or provide the information requested by the borrower (or a written explanation of why the information is unavailable). 12 U.S.C. § 2605(e)(2).

Johnson maintains that he sent two Qualified Written Requests to Option One on September 2, 2008 and September 24, 2008, respectively.[4] To substantiate its claim of not being the loan servicer during the month of September 2008 when Johnson allegedly sent his Qualified Written Request, Option One relies upon a declaration from Amy Labeta who maintains that on July 1, 2008 (approximately sixty days before Johnson sent the Qualified Written Request), the loan servicing rights and duties on his loan were transferred to American. According to Labeta, a notice was mailed to Johnson which informed him that (1) the transfer of servicing agents had occurred and (2) Option One would cease its loan services to him on July 1, 2008. The copy of the

---

[4]Following the June 15, 2010 hearing that was conducted in connection with Option One's dispositive motions, Johnson furnished the Court with certified mail receipts and return receipts which collectively support his contention that (1) Qualified Written Requests were transmitted by him on September 2, 2008 and September 24, 2008, and (2) at least one of the certified mailings was received by Option One on September 29, 2008.

notification letter provided with Labeta's declaration is undated.

In response, Johnson submits in an affidavit that he never received any written notice of the assignment from Option One - and certainly did not do so at least 15 days before the effective date of the transfer, as required by 12 U.S.C. § 2605(b).[5] Nevertheless, even if the Court accepted Johnson's sworn statement regarding notice of the assignment, such a finding would not undermine Option One's argument that – factually speaking – it was no longer the loan servicer to him on September 2nd and September 24th of 2008. Indeed, Johnson's affidavit does not provide the Court with any credible challenge to Option One's position on this issue. Thus, in the absence of any evidence to the contrary, the Court must grant Option One's motion for the entry of a summary judgment inasmuch as the existing record shows that it was not the loan servicer during the relevant time frame. As such, it did not have any duty to respond to Johnson's Qualified Written Requests. *See, Celotex Corp., supra* at 322 ( summary judgment is appropriate where the non-movant fails to present evidence which is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial.").

---

[5]Section 2605(b) provides, in pertinent part:

(b)     Notice by transferor of loan servicing at time of transfer
   (1)     Notice requirement

          Each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person.

   (2)     Time of notice . . .

          Except as provided under subparagraphs (B) and (C), the notice required under paragraph (1) shall be made to the borrower not less than 15 days before the effective date of transfer of the servicing of the mortgage loan (with respect to which such notice is made).

IV.

For the reasons that have been stated above, the Court grants Option One's motions to dismiss Johnson's claim for breach of contract, and for the entry of a summary judgment relating to his claim for violations of RESPA.


IT IS SO ORDERED.


Dated: <u>September 8, 2010</u>                    <u>s/Julian Abele Cook, Jr.</u>
       Detroit, Michigan                         JULIAN ABELE COOK, JR.
                                         United States District Court Judge



<u>Certificate of Service</u>
     I hereby certify that on September 8, 2010,  I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                         <u>s/Kay Doaks</u>
                                         Case Manager