UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOFI JOHNSON,

        Plaintiff,

v.

BNC MORTGAGE CORPORATION, LASALLE BANK NATIONAL ASSOCIATION, OPTION ONE MORTGAGE CORPORATION, TROTT & TROTT, P.C., AND WAYNE COUNTY,

        Defendants.

Case number 09-14717
Honorable Julian Abele Cook, Jr.

## ORDER

This case arises out of a lawsuit that was filed on December 3, 2009 by the *pro se* Plaintiff, Kofi Johnson, who seeks to obtain damages against the Defendants, BNC Mortgage Corporation ("BNC Mortgage"), LaSalle Bank National Association ("LaSalle Bank"), Option One Mortgage Corporation ("Option One"), Trott & Trott, P.C.("Trott & Trott"), and the County of Wayne, Michigan government ("Wayne County") for, *inter alia*, their alleged acts of fraud, unjust enrichment, breach of contract, slander of title, and violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.

Currently pending before the Court are (1) requests by two of the Defendants, LaSalle Bank and Wayne County, to set aside the Clerk's entry of default as to their interests, and (2) a motion, which if granted, would allow Johnson to file a First Amended Complaint ("FAC"). All three motions are ripe for resolution and will be considered *seriatim*.

I.

1

The dispute in this case revolves around a mortgage that was obtained by Johnson to cover his purchase of a parcel of realty in Detroit, Michigan, commonly known as 18044 Greeley Street. Johnson contends in his complaint that he was improperly rushed through the closing process on March 10, 2003 by the Defendants, and does not possess any memory of having signed a mortgage or a note in conjunction with his acquisition of the Greeley Street property. Nevertheless, Johnson does not dispute the Defendants' claim that he received the closing documents, all of which bore his signature, approximately two weeks after the completion of the closing.

According to the pleadings, Johnson's mortgage was recorded by the Wayne County Clerk's office on May 5, 2004. One of the Defendants, Option One - the original servicer of Johnson's loan - submits that another Defendant, BNC Mortgage, subsequently assigned his mortgage to a third Defendant, LaSalle Bank.[1] In an earlier pleading, Option One has noted that Johnson defaulted on the mortgage note which, in turn, caused LaSalle Bank to initiate foreclose proceedings against him. It appears from the record that a foreclosure sale by advertisement occurred on July 30, 2008. However, he disclaims having any direct knowledge of many aspects of the foreclosure process. As an example, Johnson maintains that he first learned that a sheriff's deed and other documents had been filed against the Greely Street property while rummaging through the records of the Wayne

---

[1] According to Option One, the servicing rights on Johnson's loan were transferred eventually to American Home Mortgage Servicing, Inc. ("American Home") on July 1, 2008.

2

County Register of Deeds.[2]  According to the complaint, Johnson sent a Qualified Written Request[3] to Option One in an effort to obtain a clarification of the reasons why it had withheld certain disclosures from him.  When he did not receive a response, Johnson sent a second letter to Option One on September 24, 2008.  On the same day, he also transmitted a separate "Notice of Dispute" to another named Defendant, the law firm of Trott & Trott, which was followed by a second "Notice of Dispute" on October 13, 2008.  Although Johnson acknowledges having received a response from this law firm, he denies having received any of the requested information.

According to the records in this action, (1) the redemption period for Johnson to reclaim the Greeley Street property expired on January 30, 2009 (approximately sixty days before Johnson filed this lawsuit), (2) Johnson failed to redeem his interests in a timely manner, (3) eviction proceedings

---

[2] Johnson's complaint and his proposed FAC indicate that he discovered a sheriff's deed and other documents related to the property on August 28, 2008.  However, according to Johnson's pleadings, those documents bore a date of August 12, 2009.  The Court, while speculating that this is merely a typographical error, places the burden on him to attend to this "error," if any, and to identify the correct dates which should appear in the pleading.

[3] 12 U.S.C. § 2605(e)(1)(B) defines a "Qualified Written Request" in the following manner:

> For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that–
>
>> (I)  includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>>
>> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

were filed against him on March 20, 2009, (4) a court authorized eviction proceeding was accomplished on May 26, 2009, and (5) this lawsuit was commenced on December 3, 2009.

II.

A.   LaSalle Bank

For its part, LaSalle Bank first urges the Court to set aside the default because Johnson has failed to properly serve the summons and complaint upon its designated official representative, as required by law. Citing to this omission, the bank avers, *inter alia*, that the Court has never acquired personal jurisdiction over its allegedly wrongful acts relating to the torts which have been attributed to it by Johnson. To this point, the Sixth Circuit has opined that due process requires proper service of pertinent documents in order to obtain in personam jurisdiction over an adverse party. *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976); *see also, O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003) (quoting *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 409 (1987) ("[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person or the party served. Thus, before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Accordingly, defective service of process requires the court to set aside an entry of default. *O.J. Distributing, supra* at 353.

LaSalle Bank correctly notes that service of process in this case is governed by Fed. R. Civ. P. 4(h), which describes methods for serving, among other things, a corporation:

**(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a

4

partnership or other unincorporated association that is subject to suit under a common name, must be served:

    (1)    in a judicial district of the United States:

        (A)    in the manner prescribed by Rule 4(e)(1) for serving an individual; or

        (B)    by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or

    (2)    at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(I).

Fed R. Civ. P. 4(h).

As to the first method which has been identified in Rule 4(h)(1)(A) (for serving an individual), the federal rules provide, in relevant part, that an individual may be served in a United States judicial district "by following state law for serving a summons . . . in the state where the district court is located or where service is made . . ." Essentially, this means that service can be effectuated in accordance either with Michigan procedural rules, or with those of North Carolina - the state in which LaSalle Bank is headquartered.

To that end, Rule 2.105(D) of the Michigan Court Rules allows for service on a domestic corporation to be effected by service of the summons and a copy of the complaint on either (1) a corporate officer or the resident agent, or (2) a director, trustee, or person in charge of an office or business establishment of the corporation, so long as a copy of same is also sent by registered mail, addressed to the corporation's principal office. Mich Court Rule 2.105(D). LaSalle Bank asserts that Johnson has not satisfied either of these requirements, in that he transmitted the pleadings by

certified mail to LaSalle Bank c/o Bank of America, without addressing it to a particular person -- let alone an officer, resident agent, director, trustee or individual in charge of LaSalle Bank's corporate office, as required by the above-cited Michigan Court Rule.

The Court concludes that LaSalle Bank's position is correct. The official docket entries indicate that Johnson filed a return of service with the Court which bore the date of June 15, 2010. In his certificate of service, Johnson declared that he had served the summons and complaint by certified mail to an unnamed recipient at LaSalle Bank, c/o Bank of America, on December 31, 2009.[4] Furthermore, in an affidavit attached to his request for a default, Johnson claimed that he had served a copy of the summons and complaint on January 5, 2010 at 100 North Tryon St., Charlotte, NC 28255 via certified mail. However, he failed to identify any particular person or official within the bank upon whom service was made. Thus, based on a review of the written representations that have been made to the Court by Johnson, the Court concludes that the summons and complaint were never served upon any of the persons or officials who are eligible for service pursuant to Mich. Court Rule 2.105(D). Under these circumstances, Johnson's attempt to effect service of process was invalid under Michigan law. Hence, the Court must declare it to have been an improper service under Fed R. Civ. P. 4(h)(1)(A).

A similar analysis applies to the rules for service under North Carolina law. According to N.C. Gen Stat. § 1A-1, Rule 4(j)(6), a domestic corporation like LaSalle Bank may be served by (1) delivering a copy of the summons and complaint to an officer, director, managing agent, or authorized agent of the banking corporation, (2) depositing copies of the pertinent documents with

---

[4]This filing was accompanied by a receipt from the United States Postal Service which indicates that Johnson's mailing was delivered to an unspecified address in Charlotte, North Carolina on January 5, 2010.

6

an individual in charge of the office of such a person,[5] (3) mailing a copy via registered or certified mail, return receipt requested, addressed to the officer, director, managing agent or authorized agent, (4) serving process upon an authorized agent or a party as provided by statute, or (5) by depositing a copy of the summons and complaint with a designated delivery service, addressed to the officer director, managing agent, or authorized agent. Yet, for the same reasons that were expressed above, an application of the North Carolina rules to this case requires the Court to conclude that service was defective. Johnson's failure to address the summons to an officer, director, managing agent or some other agent who was authorized to accept service of process on behalf of LaSalle Bank violates the statutory requirements of service by mail, thereby rendering his attempts at service to be without any legal effect.[6] Inasmuch as there was no valid service of process, the default judgment entered against LaSalle Bank must be declared to be voidable because the Court lacks jurisdiction over this Defendant. LaSalle Bank's motion to set aside the Clerk's entry of a default is, therefore, granted.

B.    Wayne County

Based on similar reasoning, another Defendant, Wayne County, urges the Court to set aside the default entered against it by the Clerk of the Court on March 16, 2011. Like LaSalle Bank, the County maintains that Johnson's attempt to effectuate service on December 31, 2009 via certified

---

[5] Pursuant to Rule 4(j)(6)(a), copies may be left only in the office of an officer, director, or managing agent. It does not appear that this option applies to an agent who has been authorized by appointment or by law to be served or to accept service of process.

[6] It should also be noted that this challenged service is not proper under Fed. R. Civ. P. 4(h)(1)(B), *supra*, for the exact same reason; namely, that Johnson never addressed the pleading to any person or entity who was authorized to receive it. *See, Rule 4(h)(1)(B), supra* (noting that service can be effectuated "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant . . . .").

7

mail was futile under Fed. R. Civ. P. 4(j) because (1) he did not name an individual recipient, as opposed to describing the addressee as the "Wayne County Municipal Corp" upon which the summons and complaint were served, and (2) the documents were never mailed to the correct address of anyone who was authorized to accept service on behalf of the County.

Under Rule 4(j), service upon Wayne County may be effectuated by delivering a copy of the summons and the complaint to the local government's chief executive officer, or by complying with state law for service on such a defendant. Michigan law, in turn, allows for service of process on a prospective municipal corporation - such as Wayne County - by serving a summons and a copy of the complaint on the chairperson of the board of commissioners or the county clerk. Mich. Court Rule 2.105(D). This provision also contains a caveat which allows for service to be made on an officer who has substantially the same duties as the chairperson of the board of commissioners. Furthermore, Rule 2.105(G) provides that "[i]n any case, service may be made by serving a summons and a copy of the complaint on a person in charge of the office of an officer on whom service may be made and sending a summons and a copy of the complaint by registered mail addressed to the officer at his or her office."

There is nothing in this record which indicates that Johnson ever delivered a copy of the summons and the complaint to the Chief Executive Officer of Wayne County, Robert Ficano, the Chair of the Wayne County Commission, or the Wayne County Clerk at their business addresses.[7]

---

[7]Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the following facts at the time when Johnson filed his complaint: (1) Robert Ficano was the Chief Executive Officer for the County of Wayne, Michigan, and (2) all of the foregoing officials named *surpra* maintained their business offices at 500 Griswold, Detroit, Michigan 48226. Under Rule 201(b), a judicially noticed fact is one that is not subject to reasonable dispute in that it is (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Rather, in an affidavit which was submitted by Johnson in support of his request for the entry of a default, he stated that the summons and complaint were delivered by certified mail to "1231 St. Antoine, Detroit, MI 48226." The affidavit neither named an individual as the intended recipient of his mailing nor identified a particular person upon whom the summons and complaint were to be served on the return of service that was filed with the Court. Thus, the Court concludes that several of the statutory preconditions for effectuating proper service upon Wayne County were never satisfied by Johnson. Johnson's failure deprives the Court of jurisdiction over Wayne County which, in turn, necessitates the entry of a decision to grant this pending request to set aside the Clerk's entry of default.

C.     Evaluation of Other Claims by the Defendants

Even if the Court had been inclined to deny the Defendants' collective jurisdictional arguments, it would have granted their requests for relief pursuant to Fed. R. Civ. P. 55(c). This procedural rule authorizes a court to set aside an entry of default "for good cause . . . . "  In analyzing whether good cause exists, the Sixth Circuit has urged trial courts to consider if (1) the default was willful, (2) the Plaintiffs would be prejudiced by setting aside the default; and (3) any defense by the Defendant is meritorious. *United Coin Meter Co. v. Seaboard Coastline Railroad,* 705 F.2d 839, 844 (6th Cir. 1983).

As a preliminary matter, it is well-settled that public policy favors trials on the merits in federal courts. *Id.* at 846 (6th Cir. 1983) (citing *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 373 (D.C. Cir. 1980)). Judgment by default is considered to be a measure which is reserved only for the most egregious of violations by a litigant. *Id.; see also, Sun Bank of Ocala v. Pelican Homestead and Savings Assn.,* 874 F.2d 274, 276 (5th Cir. 1989) (federal procedural rules

9

are designed "for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver.").

Here, there is no evidence to support a finding that either of the Defendants wilfully failed or refused to respond to the merits of Johnson's complaint. To the contrary, neither Defendant was properly served with notice of Johnson's lawsuit, and both moved relatively quickly to set aside the defaults that had been entered upon the official docket.

Moreover, the Court does not perceive that any prejudice will accrue to Johnson if the default is set aside. In order to establish prejudice, an aggrieved party must show that any delay which is caused by the setting aside of a default "will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990). Here there is no evidence that Johnson ever filed a written objection to either of the Defendants' request for relief or attempted to explain from a *pro se* litigant's point of view how the vacating of the entry of default would adversely affect his claims in this case. Absent a valid argument from the Plaintiff or evidence of a prejudice that would be apparent from the record, the Court cannot conclude that Johnson's interests will be harmed by reopening the case as to the Defendants' interests.

Finally, the Court finds that both of these Defendants have asserted what appears to be a meritorious defense. It is their contention that Johnson's claims in this case are barred by the doctrine of res judicata, which prevents the litigation of multiple lawsuits arising from the same cause of action. This doctrine bars a subsequent action when (1) the prior litigation was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the contested issues in the second case were or could have been resolved in the first case. *Tompkins v. Crown Corr, Inc.*,

10

No. 10-10413, 2011 WL 1884176, *3 (E.D. Mich. May 18, 2011) (quoting *Sewell v. Clean Cut Mgmt., Inc.*, 463 Mich. 569, 575 (2001)) (broad application of res judicata under Michigan law bars "not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not."). In addressing this point, LaSalle Bank and Wayne County note that on April 13, 2009, Johnson filed a wrongful foreclosure action against both of them in the Wayne County Circuit Court of Michigan. According to them, that lawsuit concerned the same residential property at issue here; to wit, 18044 Greeley Street in Detroit, Michigan. Furthermore, both of the Defendants attached a copy of an order (dated August 27, 2009) which indicates that the lawsuit was dismissed with prejudice after a Wayne County Circuit Court judge granted LaSalle Bank's motion for th entry of a summary disposition.

Without addressing the merits of the parties' respective positions, the Court believes that the Defendants have presumptively carried their burden of establishing a meritorious defense. *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398-99 (6th Cir. 1987) ("likelihood of success is not the measure . . . ."). Rather, "if *any* defense relied upon [by the Defendants] states a defense good at law, then a meritorious defense has been advanced." *Id.* (emphasis in original) (quoting *United Coin, supra* at 845). The defense asserted will be deemed to be sufficiently meritorious if it is even remotely likely that, if proven at trial, it would constitute a complete defense to the charges. *Id.* According to the Sixth Circuit, "the key consideration is 'to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Id.* (quoting 10 C. Wright, A. Miller, and M. Kane, Federal Practice and Procedure, § 2697 at 531). In light of the documents proffered by the Defendants, the Court finds it plausible that after a full trial, the Defendants' res judicata argument

11

could present a barrier to recovery in Johnson's favor. Because the Court is persuaded that the Defendants have raised a meritorious defense, their motions to set aside the entry of the default will be granted.

III.

The Court has also been presented with a motion by Johnson which, if granted, would enable him to file an amended complaint in this action. According to Fed. R. Civ. P. 15(a)(1)(B), since (1) Johnson's complaint is a pleading to which a responsive pleading is required, and (2) no such responsive pleading or Rule 12(b),(e), or (f) motion has been filed, Johnson may amend his complaint once as a matter of course without seeking leave of the Court. Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within: . . . (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."). Moreover, according to Fed. R. Civ. P. 15(a)(2), a court may "freely give leave [to amend a pleading] when justice so requires." The Court may consider, in its discretion, various factors that weigh in favor of rejecting requests for leave to amend a pleading, such as undue delay, bad faith, or prejudice to the opposing party. *Wade v. Knoxville Utile. Bd.*, 259 F.3d 452, 458 (6th Cir. 2001).

Upon reviewing the record, the Court finds none of these circumstances to be present here. Johnson has not delayed the filing of his request to amend his complaint. Rather, he seeks merely to add another defendant, the Mortgage Electronic Registration System, Inc. ("MERS") to the litigation, and to clarify certain facts which have been set forth in his main allegations. Inasmuch there will be no discernible prejudice to either of the Defendants if the Court allowed Johnson to

undertake this course, his motion for leave to file a first amended complaint will be granted.

IV.

Therefore, for the reasons that have been stated above, the motions to set aside the Clerk's entry of default against them by LaSalle Bank (Docket Entry No. 18) and Wayne County (Docket Entry No. 36) are granted. Furthermore, Johnson's motion for leave to file a first amended complaint (Docket Entry No. 16) is granted.

IT IS SO ORDERED.


Dated:  June 6, 2011                                s/Julian Abele Cook, Jr.
        Detroit, Michigan                           JULIAN ABELE COOK, JR.
                                                    United States District Court Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on June 6, 2011

                                                    s/ Kay Doaks
                                                    Case Manager

13